UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CLAUDE SPENCER,**

    **Plaintiff,**

    **v.**
                             **Civil Action 2:12-cv-1050**
                                 **Judge George C. Smith**
                                 **Magistrate Judge Elizabeth P. Deavers**

**GARY MOHR,** *et al.,*

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Claude Spencer, a state inmate who is proceeding with out the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[1]  This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons set forth below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action for failure to state claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff names the following as Defendants:  Gary Mohr, the Director of the Ohio Department of Rehabilitation and Corrections; unnamed warden of Hocking Correctional Institute; Nurse Blosser; Dr. John Nduagaba; and Martin Akusoba.

**I.**

According to the Complaint, Plaintiff fell out of his bed in January 2006, sustaining injuries to his head, neck, shoulder, and forearm. Since this incident, he has experienced "black outs and constant pain." (Compl. 2, ECF No. 1-2.)

In a June 2010 Informal Complaint Resolution, Plaintiff indicated that as a result of the 2006 incident, he experiences headaches and arthritis pain and needs Ibuprofen to treat these symptoms. He complained that the nurse practitioner had refused to renew his prescription for Ibuprofen on the grounds that he could purchase that pain medication from the commissary. (June 26, 2010 ICR, ECF No. 1-3 at Ex. 25.) Plaintiff raised this complaint again in a April 2011 Informal Complaint Resolution, this time seeking a prescription for Ibuprofen and muscle relaxants. In denying his request, the prison healthcare assistant noted that per prison policy, inmates are required to purchase medications such as Ibuprofen at the commissary and that muscle relaxants would not help the arthritis pain he experienced. (April 15, 2011 ICR, ECF No. 1-3 at Ex. 27.) Plaintiff escalated this Complaint to a grievance, which was affirmed. (ECF Nos. 29 and 31.) The Assistant Chief Inspector (Medical), Nurse Parks, denied his subsequent appeal on June 7, 2011. (June 7, 2011 Dec. of Chief Insp., ECF No. 1-3 at Ex. 32.) In addition to reviewing Plaintiff's grievance history, Nurse Park's investigation included a review of Plaintiff's medical file and recent history of commissary purchases. In denying Plaintiff's grievance, Nurse Parks noted as follows:

> I note that [you] are being followed in CCC for elevated lipids, hypertension and hypothyroidism, last being seen on 4-6-11. You had ear surgery 8-3-09 due to "chronic otitis medical with effusion, conductive hearing loss" to your left ear and surgeons performed a left tympansostomy tube insertion. The surgeon noted that you voiced a "history of lifelong Eustachian tube dysfunction on left side." I find an x-ray of your left foot dated 7-9-09 that shows a "small chronic heel spur." On 9-18-09 an x-ray of your right shoulder shows "moderate degenerative changes to the AC

2

> joint." I have reviewed your commissary purchases for the past 90 days and find that you spent $682.90. I find that during that time you purchased one container (100 tabs) of Ibuprofen 200mg. But with the CCC concerns that are noted above I find that there are numerous items that are not appropriate. I note 61 cans of soft drinks; 16 pkgs of coffee; 13-12oz pkgs of sugar; 5 jars of jelly; 4 pounds of cheese; 8 pints of ice cream; 102 pkgs of Ramen noodles; 77 pkgs of various summer sausages; 33 pkgs crackers/popcorn; and 99 pkgs of pastry/cookie items. All of these items, if you are eating them are contraindicated in your diet. The medical staff is treating you per current ODRC policy and Bureau of Medical Services guidelines. See Nurse Sick Call for further concerns.

(*Id.*)

Plaintiff filed the instant action on November 14, 2012. Referencing the informal complaints and grievances outlined above, he asserts that Defendants were deliberately indifferent to his medical needs.

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

---

[2] Formerly 28 U.S.C. § 1915(d).

>  (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>  \*     \*     \*
>
>  (B) the action or appeal--
>
>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550

U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  In addition, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

### III.

Because Plaintiff has failed to plead a facially plausible medical indifference claim, the undersigned recommends that the Court dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs."  *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted).  A claim for deliberate indifference "has both objective and subjective components."  *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).  The United States Court of Appeals for the Sixth Circuit has explained:

> The objective component mandates a sufficiently serious medical need. [*Blackmore*

*v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id*. Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011). The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*.

*Alspaugh*, 643 F.3d at 169.

Here, even if the Court assumes that Plaintiff's headaches and arthritis pain are serious enough to satisfy the objective component, the conduct he alleges, specifically, forcing him to pay for Ibuprofen and denying him a prescription for muscle relaxants, does not constitute deliberate indifference to his medical needs.

Plaintiff's claim concerning his access to Ibuprofen fails because he has not alleged that he was denied necessary treatment on the basis that he could not afford to purchase the medication. Although a prison is required to provide its inmates with adequate medical care, this care does not necessarily have to be free of charge. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) ("If a prisoner is able to pay for medical care, requiring such payment is not 'deliberate indifference to serious medical needs.'"); *Slattery v. Mohr*, No. 2:11-CV-202, 2012 WL 2931131, at *8 (S.D. Ohio July 17, 2012) (inmate forced to purchase over-the-counter

medications from commissary pursuant to ODRC policy did not establish an Eighth Amendment violation where he failed to demonstrate that he was denied medical care due to his inability to afford medication); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 151 (S.D. Ind. 1996) (holding that policy requiring purchase of over the counter drugs was not unconstitutional); *cf. White v. Corr. Med. Servs. Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) (citation omitted) ("It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay."). Although Plaintiff makes no allegations concerning his ability to purchase Ibuprofen, the grievance materials he attaches to his Complaint reflect that he spent $682.90 at the commissary over a ninety-day period and that he did, indeed, purchase a bottle of Ibuprofen.

     Plaintiff's claim concerning the denial of muscle relaxants likewise fails because it amounts to nothing more than a disagreement between him and prison medical personnel over the appropriate medication to treat his symptoms. The grievance materials Plaintiff attaches to his Complaint demonstrate that in denying his request for muscle relaxants, prison officials have not ignored his allegations of pain. Rather, the prison healthcare assistant conveyed her medical opinion that the muscle relaxants he sought would not help his arthritis and noted that he could purchase Motrin or Ibuprofin from the commissary. (April 15, 2011 ICR, ECF No. 1-3 at Ex. 27.) Under these circumstances, the medical personnel's alleged refusal to prescribe Plaintiff the muscle relaxants he requested fails to state a claim for medical indifference. *See White*, 94 F. App'x at 264 (citations omitted) (doctor's refusal to prescribe inmate's preferred medications "amounted to only negligence or a difference of opinion" rather than "a deliberate indifference to his medical needs"); *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) (holding that inmate and medical provider's disagreement "over the preferred medication to treat [inmate's] pain . . .

does not support an Eighth Amendment claim" and noting that "[t]he district court properly declined to second-guess [the doctor's] medical judgment"); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) ("[A] difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim.").

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A for failure to state a claim. Additionally, the Clerk is **DIRECTED** to send a copy of this order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  December 18, 2012                                      /s/ *Elizabeth A. Preston Deavers*
                                                                    Elizabeth A. Preston Deavers
                                                                    United States Magistrate Judge