UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CLAUDE SPENCER,**

    **Plaintiff,**

    v.

    Civil Action 2:12-cv-1050
    Judge George C. Smith
    Magistrate Judge Deavers

**GARY MOHR,** *et al.,*

    **Defendants.**

## ORDER

Plaintiff, Claude Spencer, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.[1]  This matter is before the Court for consideration of the December 18, 2012 Report and Recommendation of the United States Magistrate Judge (ECF No. 4) and Plaintiff's Objections to the Report and Recommendation (ECF No. 6).  For the reasons that follow, Plaintiff's Objections are **OVERRULED**, the Report and Recommendation is **ADOPTED**, and this action is **DISMISSED** for failure to state claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

---

[1] Plaintiff names the following as Defendants:  Gary Mohr, the Director of the Ohio Department of Rehabilitation and Corrections; unnamed warden of Hocking Correctional Institute; Nurse Blosser; Dr. John Nduagaba; and Martin Akusoba.

**I.**

On December 18, 2012, in connection with her initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Magistrate Judge issued a Report and Recommendation, recommending that the Court dismiss Plaintiff's action for failure to state a claim under § 1915(e)(2). (ECF No. 4.) The Magistrate Judge summarized Plaintiff's Complaint and its exhibits as follows:

> According to the Complaint, Plaintiff fell out of his bed in January 2006, sustaining injuries to his head, neck, shoulder, and forearm. Since this incident, he has experienced "black outs and constant pain." (Compl. 2, ECF No. 1-2.)
>
> In a June 2010 Informal Complaint Resolution, Plaintiff indicated that as a result of the 2006 incident, he experiences headaches and arthritis pain and needs Ibuprofen to treat these symptoms. He complained that the nurse practitioner had refused to renew his prescription for Ibuprofen on the grounds that he could purchase that pain medication from the commissary. (June 26, 2010 ICR, ECF No. 1-3 at Ex. 25.) Plaintiff raised this complaint again in a April 2011 Informal Complaint Resolution, this time seeking a prescription for Ibuprofen and muscle relaxants. In denying his request, the prison healthcare assistant noted that per prison policy, inmates are required to purchase medications such as Ibuprofen at the commissary and that muscle relaxants would not help the arthritis pain he experienced. (April 15, 2011 ICR, ECF No. 1-3 at Ex. 27.) Plaintiff escalated this Complaint to a grievance, which was affirmed. (ECF Nos. 29 and 31.) The Assistant Chief Inspector (Medical), Nurse Parks, denied his subsequent appeal on June 7, 2011. (June 7, 2011 Dec. of Chief Insp., ECF No. 1-3 at Ex. 32.) In addition to reviewing Plaintiff's grievance history, Nurse Park's investigation included a review of Plaintiff's medical file and recent history of commissary purchases. In denying Plaintiff's grievance, Nurse Parks noted as follows:
>
> > I note that [you] are being followed in CCC for elevated lipids, hypertension and hypothyroidism, last being seen on 4-6-11. You had ear surgery 8-3-09 due to "chronic otitis medical with effusion, conductive hearing loss" to your left ear and surgeons performed a left tympansostomy tube insertion. The surgeon noted that you voiced a "history of lifelong Eustachian tube dysfunction on left side." I find an x-ray of your left foot dated 7-9-09 that shows a "small chronic heel spur." On 9-18-09 an x-ray of your right shoulder shows "moderate degenerative changes to the AC joint." I have reviewed your commissary purchases for the past 90 days and find that you spent $682.90. I find that during that time you

2

>> purchased one container (100 tabs) of Ibuprofen 200mg. But with the CCC concerns that are noted above I find that there are numerous items that are not appropriate. I note 61 cans of soft drinks; 16 pkgs of coffee; 13-12oz pkgs of sugar; 5 jars of jelly; 4 pounds of cheese; 8 pints of ice cream; 102 pkgs of Ramen noodles; 77 pkgs of various summer sausages; 33 pkgs crackers/popcorn; and 99 pkgs of pastry/cookie items. All of these items, if you are eating them are contraindicated in your diet. The medical staff is treating you per current ODRC policy and Bureau of Medical Services guidelines. See Nurse Sick Call for further concerns.
>
> (*Id*.)
>
> Plaintiff filed the instant action on November 14, 2012. Referencing the informal complaints and grievances outlined above, he asserts that Defendants were deliberately indifferent to his medical needs.

(Dec. 18, 2012 Report & Rec. 1–2, ECF No. 4.)

After setting forth the appropriate standards, the Magistrate Judge concluded that Plaintiff had failed to plead a facially plausible medical indifference claim. She analyzed this issue as follows:

> Here, even if the Court assumes that Plaintiff's headaches and arthritis pain are serious enough to satisfy the objective component, the conduct he alleges, specifically, forcing him to pay for Ibuprofen and denying him a prescription for muscle relaxants, does not constitute deliberate indifference to his medical needs.
> Plaintiff's claim concerning his access to Ibuprofen fails because he has not alleged that he was denied necessary treatment on the basis that he could not afford to purchase the medication. Although a prison is required to provide its inmates with adequate medical care, this care does not necessarily have to be free of charge. *See Reynolds v. Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997) ("If a prisoner is able to pay for medical care, requiring such payment is not 'deliberate indifference to serious medical needs.'"); *Slattery v. Mohr*, No. 2:11-CV-202, 2012 WL 2931131, at *8 (S.D. Ohio July 17, 2012) (inmate forced to purchase over-the-counter medications from commissary pursuant to ODRC policy did not establish an Eighth Amendment violation where he failed to demonstrate that he was denied medical care due to his inability to afford medication); *Hudgins v. DeBruyn*, 922 F.Supp. 144, 151 (S.D. Ind. 1996) (holding that policy requiring purchase of over the counter drugs was not unconstitutional); *cf. White v. Corr. Med. Servs. Inc*., 94 F. App'x 262, 264 (6th Cir. 2004) (citation omitted) ("It is constitutional to charge inmates a small fee for health care where indigent inmates

3

>are guaranteed service regardless of ability to pay."). Although Plaintiff makes no allegations concerning his ability to purchase Ibuprofen, the grievance materials he attaches to his Complaint reflect that he spent $682.90 at the commissary over a ninety-day period and that he did, indeed, purchase a bottle of Ibuprofen.
>
>Plaintiff's claim concerning the denial of muscle relaxants likewise fails because it amounts to nothing more than a disagreement between him and prison medical personnel over the appropriate medication to treat his symptoms. The grievance materials Plaintiff attaches to his Complaint demonstrate that in denying his request for muscle relaxants, prison officials have not ignored his allegations of pain. Rather, the prison healthcare assistant conveyed her medical opinion that the muscle relaxants he sought would not help his arthritis and noted that he could purchase Motrin or Ibuprofen from the commissary. (April 15, 2011 ICR, ECF No. 1-3 at Ex. 27.) Under these circumstances, the medical personnel's alleged refusal to prescribe Plaintiff the muscle relaxants he requested fails to state a claim for medical indifference. *See White*, 94 F. App'x at 264 (citations omitted) (doctor's refusal to prescribe inmate's preferred medications "amounted to only negligence or a difference of opinion" rather than "a deliberate indifference to his medical needs"); *Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) (holding that inmate and medical provider's disagreement "over the preferred medication to treat [inmate's] pain . . . does not support an Eighth Amendment claim" and noting that "[t]he district court properly declined to second-guess [the doctor's] medical judgment"); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) ("[A] difference of opinion between [a prisoner] and the prison health care providers and a dispute over the adequacy of [a prisoner's] treatment . . . does not amount to an Eighth Amendment claim.").

(*Id*. at 6–8.)

Plaintiff timely filed objections to the Report and Recommendation on January 2, 2013. (ECF No. 6.) In his Objections, Plaintiff first complains that the "Magistrate Judge fail[ed] to address the objective component required." (Pl.'s Obj. 2, ECF No. 6.) He asserts that his pain satisfies this component. Plaintiff next posits that his submission of the grievances establish that he has also satisfied the subjective component. He explains that "Defendants knew and could draw inferences that [his] pain is exceeding the standard pain relief policies because [he] requested a different form of pain relief and yet Defendants still ignored him." (*Id*. at 3.)

4

Plaintiff concludes that the Court should therefore permit him to proceed with the prosecution of his medical indifference claim.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Magistrate Judge correctly explained that 28 U.S.C. § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. She also correctly employed Federal Rule of Civil Procedure 12(b)(6) standards in reviewing complaints under §§ 1915A and 1915(e). *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review pleadings under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

A complaint will be dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a).

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations.

5

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III.

The Court has conducted a *de novo* review and agrees with the reasoning and analysis of the Magistrate Judge. The Magistrate Judge did not err in failing to analyze whether or not Plaintiff's allegations satisfied the objective component of a medical indifference claim because for purposes of her analysis, she assumed that his headaches and arthritis pain *did* satisfy the objective component. (*See* Dec. 18, 2012 Report & Rec. 6, ECF No. 4.); *see also Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (holding that a claim for deliberate indifference "has both objective and subjective components").

Nor did she err in concluding that Plaintiff had failed to sufficiently plead the subjective component of a medical indifference claim. Plaintiff's speculation that Defendants "could draw inferences" that Ibuprofen was not functional in relieving his pain is unsupported and undermined by his efforts to obtain the medication for free. Regardless, in his Complaint, Plaintiff does not allege that the over-the-counter medication was not functional or that

6

Defendants knew that the medications were not effective.  Rather, Plaintiff's Complaint details his grievance history and posits that this history establishes Defendants' deliberate indifference.  Review of the grievances he attaches to his Complaint reveals that Plaintiff complained about having to purchase Ibuprofen and about not receiving a prescription for muscle relaxants to treat arthritis.  The attached grievances further indicate that the prison healthcare assistant conveyed her medical opinion that the muscle relaxants he sought would not help his arthritis and advised him that he could purchase Motrin or Ibuprofen from the commissary.  The Magistrate Judge explained why, under the circumstances presented here, any claims premised upon denial of muscle relaxants and requiring the purchase of Ibuprofen at the commissary would fail to satisfy the subjective component of a medical indifference claim.  The Court agrees with and adopts the Magistrate Judge's analysis on this issue.

## IV.

For the reasons set forth above, Plaintiff's Objections (ECF No. 6) are **OVERRULED**, the December 18, 2012 Report and Recommendation (ECF No. 4) is **ADOPTED**, and this action is **DISMISSED** for failure to state claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).

        **IT IS SO ORDERED.**

                                        */s/ George C. Smith*  
                                        **GEORGE C. SMITH, JUDGE**  
                                        **UNITED STATES DISTRICT COURT**